STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
PATRICK CANTALUPO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 28, 1977—Decided March 10, 1977.

54

Before Judges FRITZ, ARD and PRESSLER.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Frederick C. Norton,* designated counsel, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for the respondent (*Mr. William F. Lamb,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. Defendant Patrick Cantalupo was indicted on charges of entering with intent to steal, in violation of *N. J. S. A.* 2A:94–1, and larceny in violation of *N. J. S. A.* 2A:119–2. Following plea negotiations defendant had entered a plea of guilty to these charges upon the State's undertaking to recommend a noncustodial sentence. The sentencing judge, however, after review of the presentence investigation, declined to accept the noncustodial sentence recommendation and permitted defendant to withdraw his guilty plea. *R.* 3:9–3(d). Defendant was accordingly tried by a jury and convicted as charged. He appeals the sentences then imposed, claiming them to have been both excessive and illegal.

The defendant was sentenced, on the charge of entering with intent to steal, to "the New Jersey State Prison at Trenton for a maximum of 5 years and a minimum of 3 years, but time to be served shall be at the Youth Correction Center at Yardville, where the defendant shall be subject to the Parole Board, and not the Board of Managers at Yardville." A like and concurrent sentence was imposed for the larceny charge. Among the reasons specified for the sentences imposed was the court's observation that "rehabilitation is possible at Yardville, but not on an indeterminate basis."

Not only does the sentencing judge have the option to sentence an eligible youthful offender to an indeterminate term at the Youth Correctional Institution Complex, but he ordinarily should so sentence him "unless good and substantial reasons exist for not so doing." *State v. McBride,* 66 *N. J.* 577, 580 (1975). And see *State v. Knight,* 72 *N. J.* 193 (1976). Where such reasons are found to exist, moreover, the sentencing judge must state them with specificity in the judgment of conviction, in accordance with the requirements of *R.* 3:21–4(e) and 3:21–5. If the sentencing judge should decide that an indeterminate sentence is not appropriate, he is, however, without jurisdiction to then order that the minimum-maximum sentence he has imposed shall be served at a Youth Complex facility. Although he may recommend that the minimum-maximum sentence be served there and may in the judgment of conviction include a provision requiring the evaluation of defendant for transfer to a Youth Complex facility, the ultimate determination as to where the fixed sentence shall be served is exclusively an administrative one. See *State v. Spinks,* 66 *N. J.* 568, 575–576 (1975). And see, *N. J. S. A.* 30:4–91.1.

The sentence here imposed is ambiguous since the sentencing judge evidently assumed that he had the authority to effectuate simultaneously both the rehabilitative emphasis of a Youth Complex indeterminate sentence and the punitive and deterrent emphasis of a minimum-maximum state prison term. We accordingly remand so that the sentencing judge

can reconsider and make clear which type of sentence he wishes to impose in view of his available options.

 With respect to defendant's excessiveness claim our review of the record, including defendant's adult criminal history, satisfies us that the minimum-maximum sentence here imposed, if that should have been the sentencing judge's actual intention, would not have constituted an abuse of his discretion.

Remanded for resentencing.